1 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARYLAND CASUALTY CO., Plaintiff-Appellant,
v.
CNA INSURANCE COS. and Continental Casualty Co., Defendants-Appellees.
 No. 92-6301.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1993.
 
 Before: MARTIN, SILER, and BATCHELDER; Circuit Judges.
 PER CURIAM.
 
 
 1
 Maryland Casualty Company filed this declaratory judgment action against Continental Casualty Company and CNA Insurance Companies, seeking a determination of which insurance company had the duty to defend and indemnify Raymond Kimbrell and Kimbrell Van Lines with respect to litigation which arose as the result of an automobile accident that occurred on July 14, 1989. The district court found that Maryland, rather than CNA, had the primary general liability coverage and that CNA was the excess carrier. We affirm.
 
 
 2
 Maryland issued a commercial auto policy effective October 1, 1988, for Kimbrell Van Lines, Inc., a Tennessee corporation in Dyersburg, Tennessee. Under the Maryland policy, Item Two designated the Schedule of Coverage and Covered Autos. Within Item Two, the policy explained, "Autos are shown as covered autos for a particular coverage by the entry of one or more of the symbols from Item 3 next to the name of the coverage." Item Three of the policy referred to Form 62079, the Truckers Coverage Form, "for description of covered autos designation symbols 41-50." The Truckers Coverage Form described the auto designation symbols that appeared next to each type of coverage listed in Item Two. According to the Truckers Coverage Form, Symbol 41 designated coverage for "any 'autos.' " Symbol 46 designated coverage only for "specifically described 'autos' " contained in Item Three of the Declarations. The coverage form also explained the coverage afforded to automobiles acquired after the effective date of the policy. According to the coverage form, "If symbols 41, 42, 43, 44, or 45 are entered next to a coverage in Item Two of the Declarations, then you have coverage for 'autos' that you acquire of the type described for the remainder of the policy period." The coverage form further explained,
 
 
 3
 But, if symbol 46 is entered next to a coverage in Item Two of the Declarations, an 'auto' you acquire will be a covered 'auto' for that coverage only if:
 
 
 4
 a. We already cover all 'autos' that you own for that coverage or it replaces an 'auto' you previously owned that had that coverage; and
 
 
 5
 b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.
 
 
 6
 Item Two of the Declarations designated liability coverage as a symbol 41, "any autos" coverage. Item Two designated other types of coverage under the policy, such as uninsured motorists coverage and collision coverage, as symbol 46 coverages requiring specific enumeration of the covered vehicle in Item Three of the policy.
 
 
 7
 On November 16, 1988, Raymond Kimbrell, president of Kimbrell Truck Lines, Inc., purchased a 1989 GMC SLE pickup truck. The truck was titled in the name of Kimbrell Van Lines, the holder of the Maryland policy. Kimbrell asked his office manager, Janet Quinley, to contact the Maryland agent to add the truck to the existing Kimbrell Van Lines' policy. Quinley contacted the Maryland agent with this request on the same day. Kimbrell subsequently decided to return the truck to the dealer, and on November 18, he asked Quinley to contact the Maryland agent to delete the truck from the policy. Quinley contacted the Maryland agent that day, and made the following notation on the policy change request dated November 16: "11/18/88 Cancelled with Roseann/jkq." After returning the truck to the dealer, Kimbrell changed his mind and decided to keep the truck. Thereafter, Kimbrell contacted an agent of CNA and requested that the truck be added to Kimbrell's insurance policy with Continental Casualty Company. Kimbrell subsequently paid the increased premium to CNA for the additional coverage.
 
 
 8
 On July 14, 1989, a three-car collision occurred in Dyersburg, Tennessee. The collision involved a 1985 Ford Ranger driven by Alvie Anderson and in which Robert Anderson was a passenger; a 1969 Chevrolet Chevelle driven by Johnny Anderson and in which Jerry Campbell was a passenger; and the 1989 GMC truck driven by Kimbrell. Campbell died as the result of the accident, and other persons, including Johnny Anderson sustained injuries. On June 18, the estate of Jerry Campbell instituted a wrongful death action against Kimbrell Van Lines; Raymond Kimbrell, individually; Kimbrell Van & Storage Company; and Raymond Kimbrell d/b/a Kimbrell Van & Storage Company in the Chancery Court of Dyer County, Tennessee. On January 12, 1990, Johnny Anderson and his wife instituted suit against the same named defendants in the Chancery Court of Dyer County.
 
 
 9
 Kimbrell put both Maryland and CNA on notice of the lawsuits. A dispute between CNA and Maryland immediately arose as to the responsibility for coverage. CNA paid the property damage claim submitted by Raymond Kimbrell but refused to defend the third-party actions. Maryland undertook the defense of the state court actions to avoid a default judgment. Maryland filed this declaratory judgment action pursuant to 28 U.S.C. Secs. 2201 and 2202 to determine the respective rights and responsibilities of Maryland and CNA with respect to the pending state court litigation and seeking judgment equal to the costs incurred by Maryland in defending Kimbrell and Kimbrell Van Lines on the third-party liability claims. All third-party claims arising out of the accident were settled and dismissed. To settle the claims, Maryland paid $258,840.00 in damages and $7,502.21 in attorney's fees and costs.
 
 
 10
 The district court conducted a bench trial on July 1, 1992. At trial, Maryland argued that no coverage for the truck existed under its policy after Kimbrell returned the truck on November 18, 1988. The district court, on the other hand, found that the policy provided liability coverage for any vehicle owned by Kimbrell Van Lines, whether or not the policy listed the vehicle in the schedule in Item Three because symbol 41 appeared next to the liability coverage designation. The court also found that when Kimbrell called on November 18, 1988, there was no change in the basic policy. Rather, the court found that Kimbrell had attempted to modify the policy, and that modification required mutual assent of the parties. Although the court found evidence that Maryland had consented to the modification, it found that Maryland had failed to present any evidence as to what type of modification Kimbrell had attempted prior to the accident. The court noted that Kimbrell could have intended one of two types of modifications: (1) to delete the truck from all policy coverage, including liability; or (2) to delete the truck from all policy coverage except liability. Given the symbol designations described in the Truckers Coverage Form, the court concluded that the latter option was more likely. In any event, the court found that Maryland had the primary duty to defend and indemnify Kimbrell on the third-party liability claims because Maryland had failed to present evidence to support its argument that Kimbrell had cancelled all coverage for the truck. Maryland appeals this determination, arguing that the district court erroneously required it to present evidence on the type of modification intended by Kimbrell. We find that the district court committed no error and affirm.